

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DAVID WOOD
   Vs.                                   C.A. No.       2014 CA 006758 B
GOVERNMENT OF THE DISTRICT OF COLUMBIA et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                        Chief Judge Lee F. Satterfield

Case Assigned to:  Judge MAURICE ROSS
Date:  October 24, 2014
Initial Conference: 9:00 am, Friday, January 23, 2015
Location:  Courtroom 100
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001                        Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

David Woods
_____
Plaintiff

vs.                                          Case Number  14 - 0 0 0 6 7 5 0

Daniel C. Chudlak
_____
Defendant

### SUMMONS

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Antron McGuire
_____
Name of Plaintiff's Attorney

1003 K St NW # 300
_____          By  _____
Address
     NW  20001                                  Deputy Clerk

202 393 . 1000
_____          Date  10/24/14
Telephone

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court

      **IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

      If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



# DISTRICT OF COLUMBIA SUPERIOR COURT

DAVID WOOD
1214 Jamaica Street NE
Washington, DC 20011

Plaintiff,

    v.

GOVERNMENT OF THE DISTRICT
OF COLUMBIA
    SERVE:
    Vincent Gray, Mayor
    1350 Pennsylvania Avenue NW
    Suite 316
    Washington, D.C. 20004

    SERVE:
    Attorney General for the District
    of Columbia
    Attn. Darlene Fields
    441 4th Street, N.W., 6th Floor S.
    Washington, D.C. 20001

and

CHARLES KIEL, individually and in
his capacity as a police officer and
employee/agent of the District of
Columbia
2306 Fairview Road
Alexandria, VA 22303

and



Civil Action No:

Calendar:

Judge:

Next Court Event:

eFiled Case

FILED
CIVIL ACTIONS BRANCH
OCT 2 4 2014
Superior Court
of the District of Columbia
Washington, DC



Case: 2014 CR 006758 B

COMPLETED

CHARANDIP SEKHON, individually
and in his capacity as a police officer
and employee/agent of the District of
Columbia
4007 Derbyshire Lane
Fredericksburg, VA 22408

and

ANDREW SMITH, individually and
in his capacity as a police officer and
employee/agent of the District of
Columbia
17317 Hughes Road
Poolesville, MD 20837

and

MICHAEL W. RODD, individually
and in his capacity as a police officer
and employee/agent of the District of
Columbia
Metropolitan Police Department
Fourth District Station
6001 Georgia Ave. NW
Washington D.C. 20011

and

JONATHAN L. ROSNICK,
individually and in his capacity as a
police officer and employee/agent of
the District of Columbia
Metropolitan Police Department
Fourth District Station
6001 Georgia Ave. NW
Washington D.C. 20011

and

JASON H. BAGSHAW, individually
and in his capacity as a police officer
and employee/agent of the District of
Columbia
Metropolitan Police Department
Sixth District Station
100 42nd Street N.E.
Washington D.C. 20019

and

DANIEL C. CHODAK, individually
and in his capacity as a police officer
and employee/agent of the District of
Columbia
Metropolitan Police Department
Fourth District Station
6001 Georgia Ave. NW
Washington D.C. 20011

and

ALICIA D. CARTER, individually
and in her capacity as a police officer
and employee/agent of the District of
Columbia
Metropolitan Police Department
Fourth District Station
6001 Georgia Ave. NW
Washington D.C. 20011

Defendants

## COMPLAINT FOR MONEY DAMAGES WITH JURY DEMAND

1.     This is an action for a judgment for money damages (including compensatory damages from the District and punitive damages as well as compensatory damages from the individual defendants) for common law claims and Section 1983 claims brought by plaintiff David Wood against defendants the Government of the District of Columbia (hereinafter the "District of Columbia" or the "District") and Officers Charles Kiel, Charandip Sekhon, Andrew Smith, Jonathan L. Rosnick, Michael W. Rodd, Jonathan Rosnick, Daniel C. Chodak, and Sergeants Jason Bagshaw and Alicia D. Carter.

2.     On October 27, 2013, at approximately 9:00 pm, Officers Charles Kiel, Charandip Sekhon, Andrew Smith, Jonathan L. Rosnick, and Michael W. Rodd were all working as MPD officers, when they severely beat Mr. Wood on the lawn in front of his home at 1214 Jamaica Street, NE, Washington, D.C.

3.     There was no provocation for the beating, Mr. Wood committed no offense and posed no threat to the officers or the public at large, and the force the Defendant Officers used was in excess of any force reasonably necessary.

4.     Based on illegal racial animus, these five Defendant Officers abandoned any pursuit of two identified suspects who had just beaten and robbed a taxi driver on Jamaica Street and instead these Defendant Officers beat down Mr. Wood and

handcuffed him right on his own lawn in front of his own house in full view of his neighbors.

5.     Further, all named police officers conspired to abuse process, libel and defame, and maliciously prosecute Plaintiff by falsely arresting him for assaulting the police officer, which resulted in a four count felony indictment. Plaintiff prevailed at the criminal trial on all counts; however, this arrest, false at is was, has severely harmed Plaintiff's standing and reputation in the community, which has in turn had a negative impact on his ability to earn a living as a computer engineer with a top secret security clearance.

## Jurisdiction and Venue

6.     This Court has jurisdiction over the common law claims pursuant to § 11-921.

7.     This Court has supplemental jurisdiction over the § 1983 claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

8.     Venue is appropriate in this District. Each of the claims for relief arose in this judicial district and all events described herein occurred in the District of Columbia.

## PARTIES

9.    Plaintiff David Wood is 51 years of age, a life-long resident of the District of Columbia, and African-American. He has lived his entire life at the home at 1214 Jamaica St. NE.

10.    Defendant government of the District of Columbia is a municipal corporation capable of being sued under D.C. Code § 1-102.

11.    Officers Charles Kiel, Charandip Sekhon, Andrew Smith, Jonathan L. Rosnick, Michael W. Rodd, Jonathan Rosnick, Daniel C. Chodak, and Sergeants Jason Bagshaw and Alicia D. Carter are and were at the time of the beat down MPD police officers and employees of the District of Columbia MPD.

12.    At all times Officers Charles Kiel, Charandip Sekhon, Andrew Smith, Jonathan L. Rosnick, Michael W. Rodd, Jonathan Rosnick, Daniel C. Chodak, Sergeants Jason Bagshaw and Alicia D. Carter were acting within the scope of their employment.

13.    For purposes of § 1983 claims Mr. Wood in this complaint names Officers Charles Kiel, Charandip Sekhon, Andrew Smith, Jonathan L. Rosnick, Michael W. Rodd, Jonathan Rosnick, Daniel C. Chodak, Sergeants Jason Bagshaw, and Alicia D. Carter in their individual capacities.

## FACTUAL ALLEGATIONS

14.    On October 27, 2013 at about 8:00 pm Mr. Wood was relaxing in the comfort of

his home at 1214 Jamaica Street, NE, Washington, 20011, watching television, and

dressed in a tee shirt and boxer short-style underwear.

15.    Mr. Wood is a graduate of the University of the District of Columbia. He also

holds a Master's degree in computer science from Howard University.

16.    At the time of the incident Mr. Wood was working for a government contractor as

a database specialist.  Mr. Wood held top-secret clearances issued by the CIA, the

Department of Defense, and the NSA, and had held several sensitive, top level positions

with government contractors performing top secret work for various government

security agencies.

17.    Many of Mr. Wood's neighbors on Jamaica Street have lived in their homes for

the last 40 or 50 years.  Mr. Wood feels very protective of his neighbors and they look to

him to watch out for them.  He is particularly fond of Mrs. Ellis, his next door neighbor,

who is like a second mom to him, and whose husband was like a mentor to him as he

was growing up.

18.    Shortly after 8 p.m., on October 27, 2013, Mr. Wood noticed the reflection of a

flashing red light in his TV screen.  Afraid that the flashing red light was the flashing red

light of an ambulance come for one of his elderly neighbors, Mr. Wood immediately called his next-door neighbor, Mrs. Ellis, but Mr. Wood's phone was malfunctioning. So, concerned for his neighbor, Mr. Wood started down the steps barefoot and walked gingerly across the lawn.

19.    As he was on his way to Ms. Ellis' house, a belligerent policeman, later identified as MPD Officer Charles Kiel, walked up out of nowhere, and brutally grabbed Mr. Wood by his t-shirt.

20.    Two other police officers, later identified as Officers Charandip Sekhon and Andrew Smith, rapidly approached Mr. Wood and surrounded him. Officer Sekhon yelled hysterically at Mr. Wood, "get on the ground, motherfucker." Officers Sekhon, Smith, and Kiel then tackled Mr. Wood to the ground, and began punching and stomping Mr. Wood in the body and head.

21.    Two additional police officers, later identified as MPD Officers Michael W. Rodd and Jonathan Rosnick, joined the officers who were viciously assaulting Mr. Wood, and began to roughly yank Mr. Wood's arms behind his back so that they could handcuff him.

22.    Up to this point, the officers had never told Mr. Wood what was going on and why they had come onto the lawn of his home and attacked him. Only after Mr. Wood was

beaten down and handcuffed did one of the police officers tell him that a taxi driver had brought a passenger to his street and then been robbed by the passenger and another man who had been waiting on Jamaica Street.

23.     When the officers initially had responded to Jamaica Street, they found a taxi in the middle of the road with its driver's side door open and the driver walking up and down the street highly agitated.  The cab driver explained to these officers that he had brought a fare from Hyattsville Metro station to Jamaica Street. After the taxi arrived on Jamaica Street, this passenger had grabbed the taxi driver from behind and started choking him.  A few seconds later, an accomplice, who had apparently been waiting on Jamaica Street, showed up and joined in on the beating of the driver.  Both assailants demanded the taxi driver's money.   The passenger was identified by the taxi driver as being a short black man with dreadlocks.   The accomplice was identified by the taxi driver as being a tall, huge, fat man wearing a baseball cap and a grey jacket.

24.     In response to the robbery, the taxi driver took off his jacket which had all of his money in the pockets, and fled the taxi. The robbers then grabbed the taxi driver's jacket and wallet and ran off. The taxi driver told the responding MPD officers that he did not see which way the two robbers went.

25.     Based on illegal racial animus, the responding MPD officers, specifically Officers

Kiel, Sekhon, Smith, Rodd, and Rosnick, decided against canvassing for the two

suspected robbers, and instead immediately set out to beat down Mr. Wood who had just

exited his house in order to check on an elderly neighbor.  Officers Kiel, Smith, Rodd,

and Rosnick have all self-identified as being "white," while Officer Sekhon has self-

identified as "Asian-Pacific Islander."  Mr. Wood, as noted herein, is African-American,

and in no way matched the taxi driver's description of the assailants.

26.     Shortly after the beat-down and arrest of Mr. Wood, three additional police

officers – later identified as Sergeant Jason H. Bagshaw, Officer Daniel C. Chodak, and

Sergeant Alicia D. Carter - arrived on scene and began conspiring with the Defendant

Officers who had beaten Mr. Wood, so as to cover up the matter and make it appear that

Mr. Wood had not only assaulted the responding police officers, but that he was also

harboring the taxi driver's assailants in his home.  Sergeant Jason H. Bagshaw falsely

swore out an application for a search warrant of Mr. Wood's home, falsely claiming in

this sworn application that the taxi driver had told him that Mr. Wood looked like the

assailant who was identified as a tall, huge, fat man wearing a baseball cap and a grey

jacket.  Officer Chodak wrote up the arrest report that contained his fellow officers'

false statements, that he knew or should have known were false.  Sergeant Carter, whose

job was to investigate the use of force, simply accepted the assaulting police officers versions of events so as to further the cover-up.

27.    The resulting search warrant, which was signed by a judge, allowed another group of officers to enter Mr. Wood's house, whereupon they completely trashed the house, destroying property in every room, and forcing Mr. Wood's 83 year old mother to wait outside in the cold without access to her medication.  The search, however, found nothing to connect Mr. Wood to the robbery, nor did it reveal any contraband or any other evidence of any crime. However the police did seize certain property from Mr. Wood's home including his cell phone, which has never been returned. Nor, based on information available to Mr. Wood, have the police ever obtained a warrant to search the cell phone.

28.    After the beat-down and arrest, Mr. Wood was taken to the hospital where he was treated for atrial fibrillation, an extremely accelerated heart rate, post-concussive syndrome, injuries to his head, and the shoulder injury, and other injuries.

29.    Mr. Wood remained at the hospital for the next two days under police guard, and was then brought to Superior Court where he was presented and released on personal recognizance.

30.     Three of the assaulting police officers, Officer Sekhon, Kiel, and Smith, meanwhile, went to a different hospital shortly after the beat-down in order to fabricate evidence that they themselves had been injured by Mr. Wood.  These officers took their fabrication so far as to take sick leave on the basis of their bogus injuries.

31.     Upon information and belief, the Defendant Officers then either falsely testified or caused false testimony to be given to a grand jury in the District of Columbia Superior Court.

32.     Based on the false evidence of the manufactured injuries and the false testimony the prosecutor prosecuted Mr. Wood for the three counts of assaulting a police officer in the District of Columbia Superior Court.

33.     Officers Kiel, Sekhon, Smith, and Sergeant Bagshaw furthered their conspiracy to cover up their illegal beat down of Mr. Wood by knowingly and intentionally testifying falsely in the criminal trial of Mr. Wood, who was acquitted on all counts after a full bench trial before the Honorable Geoffrey Alprin.

34.     The purpose of the three Defendant Officers' and Sergeant Bagshaw's procuring the charges of assaulting a police officer, and testifying falsely or causing false testimony to be presented before the grand jury, and falsely reporting the assaulting a police officer charges was so that the prosecutor would charge the offense and prosecute

Mr. Wood in order to justify and cover-up their illegal and brutal attack on Mr. Wood on the lawn of his home.

35.     As a direct and proximate result of this assault, Mr. Wood suffered loss of liberty and physical injuries and emotional distress and mental injuries, and will continue to suffer from the permanent physical injuries.

36.     Mr. Wood's home and the property inside was damaged when the police ransacked his home pursuant to the falsely obtained warrant. The MPD took his cell phone and still have never returned it.

37.     Mr. Wood lost wages, in that he failed to go to work in the days following the arrest because of the detention. He also suffered financially from the adverse impact to his security clearances caused by the pending criminal charges. Because he has an extraordinarily sensitive security clearance the pending charges negatively affected his clearance, and he has been unable to get some of the jobs he was interviewing for at the time he was beaten down by the police. Mr. Wood's reputation generally has suffered as a result of his false arrest and the Defendant police officers' knowing and intentional falsehoods spread about him throughout the community and creating a public record.

38.     The Defendant police officers herein caused Mr. Wood to be subject to criminal prosecution in Superior Court, and wrongfully detained, and the expense of defending

himself against the criminal prosecution in Superior Court including attorneys' fees, costs, and investigator's expenses.

## SUBSTANTIVE CLAIMS

### Claim 1 – Common law assault claim against officers

39.    Mr. Wood adopts by reference the preceding paragraphs as if fully set forth herein.

40.    The Defendant Officers savagely beat Mr. Wood and injured him physically, mentally, and emotionally.

41.    The assault of Mr. Wood was against his will and was not lawful or justified.

42.    The conduct caused injury to Mr. Wood as described above.

### Claim 2 -- Common law assault claim against the District of Columbia

43.    David Wood incorporates herein the preceding paragraphs.

44.    The District of Columbia through its MPD is liable in *respondeat superior* for the conduct of the Defendant Officers in assaulting Mr. Wood against his will and without justification.

45.    At all relevant times the Defendant Officers were acting within the scope of their employment with the MPD.

46.    The conduct caused injury to Mr. Wood as described above.

### Claim 3 -- Common law false arrest claim against Defendant Officers

47.     David Wood adopts by reference the preceding paragraphs as if fully set forth herein.

48.     The Defendant Officers and Sergeants falsely arrested Mr. Wood on the trumped up charges of assaulting a police officer.

49.     The arrest of Mr. Wood was against his will and was not lawful or justified.

50.     The conduct caused injury to Mr. Wood as described above.

### Claim 4 -- Common law false arrest claim against defendant District of Columbia

51.     Mr. Wood incorporates herein the preceding paragraphs.

52.     Defendant District of Columbia is liable in *respondeat superior* for the conduct of the Defendant Officers and Sergeants in falsely arresting Mr. Wood against his will and without justification.

53.     At all relevant times the Defendant Officers and Sergeants were acting within the scope of their employment with defendant District of Columbia.

54.     The conduct caused injury to Mr. Wood as described above.

### Claim 5 – Common law abuse of process claim against officers

55.    The Defendant Officers and Sergeants, while acting under color of law, deprived

plaintiff of his civil rights by using evidence that they knew or should have known was

false, to cause Mr. Wood to be subject to criminal prosecution, and to be wrongfully

detained.

56.    The conduct caused injury to Mr. Wood as described above.

### Claim 6 -- Common law abuse of process claim against defendant District of Columbia

57.    Mr. Wood incorporates herein the preceding paragraphs.

58.    Defendant District of Columbia is liable in *respondeat superior* for the conduct of

the Defendant Officers in abuse of process against Mr. Wood without justification.

59.    At all relevant times the Defendant Officers and Sergeants were acting within the

scope of their employment with defendant District of Columbia.

60.    The conduct caused injury to Mr. Wood as described above.

### Claim 7 – Common law malicious prosecution claim against Defendant Officers

61.    The Defendant Officers and Sergeants (1) initiated and caused the prosecution of

a criminal action against Mr. Wood in District of Columbia Superior Court for one count

of assaulting a police officer with respect to each of the individual officers, (2)

maliciously and (3) without probable cause, (4) which terminated in favor of the defendant because he was acquitted of all charges in a bench trial, and (5) which caused the arrest Mr. Wood, the seizure of his cell phone, the mental and physical injuries described above, and loss of his Constitutional rights.

62.    The conduct caused injury to Mr. Wood as described above.

### Claim 8 – Common law malicious prosecution claim defendant District of Columbia

63.    Mr. Wood incorporates herein the preceding paragraphs.

64.    Defendant District of Columbia is liable in *respondeat superior* for the conduct of the Defendant Officers and Sergeants in the malicious prosecution of Mr. Wood without justification.

65.    At all relevant times the Defendant Officers and Sergeants were acting within the scope of their employment with defendant District of Columbia.

66.    The conduct caused injury to Mr. Wood as described above.

### Claim 9– 42 U.S.C. § 1983; Fourth Amendment claim against Defendant Officers for excessive force

67.    Mr. Wood adopts by reference the preceding paragraphs as if fully set forth herein.

68.    The Defendant Officers assaulted Mr. Wood and used excessive force against him in violation of Mr. Wood's Constitutional rights under the Fourth Amendment.

69.    The assault and violation of Mr. Wood's Fourth Amendment rights was against his will and was not lawful or justified.

70.    The Defendant Officers were not justified in using force against Mr. Wood because the force was in excess of what was reasonable under the circumstances.

71.    In assaulting Mr. Wood, the Defendant Officers acted intentionally or maliciously, unjustifiably, and unreasonably in violation of Mr. Wood's well-established right under the Fourth Amendment to the United States Constitution to be free from excessive force.

72.    The conduct caused injury to Mr. Wood as described above.

### Claim 10 – 42 U.S.C. § 1983; Fourth Amendment claim against the Defendant Officers for false arrest

73.    Mr. Wood adopts by reference the preceding paragraphs as if fully set forth herein.

74.    The Defendant Officers and Sergeants arrested Mr. Wood for assaulting a police officer in violation of Mr. Wood's Constitutional rights under the Fourth Amendment.

75.    The arrest of Mr. Wood was lacking in probable cause and was against his will and was not lawful or justified and so this arrest violated Mr. Wood's Fourth Amendment rights.

76.    The conduct caused injury to Mr. Wood as described above.

### Claim 11 – 42 U.S.C. § 1983; Claim against Defendant Officers for prosecution based on false evidence

77. Mr. Wood adopts by reference the preceding paragraphs as if fully set forth herein.

78. The Defendant Officers and Sergeants, while acting under color of law, deprived plaintiff of his civil rights by using evidence that they knew or should have known was false, to cause Mr. Wood to be subject to criminal prosecution, subjected to a criminal trial, and wrongfully detained and subjected to release conditions.

79. The conduct caused injury to Mr. Wood as described above.

### Claim 12 – 42 U.S.C. § 1983; Claim against the Defendant Officers for malicious prosecution

80. Mr. Wood adopts by reference the preceding paragraphs as if fully set forth herein.

81. The Defendant Officers and Sergeants, while acting under color of law, caused a criminal prosecution for assaulting a police officer to be initiated against Mr. Wood without probable cause. They acted with malice in doing so; and did so for the purpose of denying plaintiff his constitutional rights under the Fourth and Fifth Amendments, including his due process right not to be subject to criminal charges based on false evidence, and his due process right not to be deprived of his liberty for crime absent evidence of his guilt, causing his wrongful detention and prosecution.

82.    The charges were terminated favorably the plaintiff in that Mr. Woods stood trial in Superior Court in a bench trial and the judge conducted the trial acquitted him on all three counts of assaulting a police officer.

83.    The conduct caused injury to Mr. Wood as described above.

### Claim 13 – Claim against the Defendant District of Columbia for Negligence Supervision and Training of its Police Employees

84.    Mr. Wood adopts by reference the preceding paragraphs as if fully set forth herein.

85.    The District of Columbia has a duty to reasonably train and supervise its police employees so as to prevent them from assaulting, falsely arresting, maliciously prosecuting, libeling and slandering members of the public.

86.    The District of Columbia breached this duty by failing to train and supervise its police employees to prevent them from assaulting, falsely arresting, maliciously prosecuting, libeling and slandering Mr. Wood.

87.    The District of Columbia's breach of its duty caused injury to Mr. Wood as described above.

## RELIEF DEMANDED

David Wood respectfully requests that this Court grant him the following relief:

A.      Enter a judgment in favor of plaintiff in the amount of $2,500,000.00

compensatory damages against all defendants, jointly and severally,

B.      Enter a judgment in the amount of $10,000,000.00 in favor of plaintiff in the

amount of punitive damages against all defendants, jointly and severally,

C.      Enter a judgment awarding plaintiffs attorneys' fees and costs incurred in

bringing this action under 42 U.S.C. § 1983, jointly and severally ; and

D.      Grant such other relief as this Court deems just and proper.

Respectfully submitted,

Andrew P. McGuire, Esq. [442600]
Counsel for Plaintiff
1003 K Street, N.W., 3rd Floor
Washington, D.C. 20001
(202) 393-6000 ext. 718
Fax: (202) 393-4706
amcguire@racatty.com

Bernice A. Harleston, Esq. [433067]
Counsel for Plaintiff
13217 New Hampshire Ave.
# 15002
Silver Spring, MD 20914
(301) 257-5816
Fax:  (301) 622-5902
berniceharlestonlaw@gmail.com

## JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Andrew P. McGuire, Esq.
Counsel for Plaintiff

Bernice A. Harleston, Esq.
Counsel for Plaintiff

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

David Wood

vs

Government of the District
of Columbia, et al.

Case Number: _____

Date: __10/24/2014_____

☒ One of the defendants is being sued
in their official capacity.

Name: *(Please Print)*
Andrew McGuire, Esq.

Firm Name:
Regan Associates Chartered

Telephone No.:          Six digit Unified Bar No.:
202 393-6000 x 718     442600

Relationship to Lawsuit

☒ Attorney for Plaintiff

☐ Self (Pro Se)

☐ Other: _____

TYPE OF CASE: ☐ Non-Jury      ☐ 6 Person Jury      ☒ 12 Person Jury

Demand: $ 2,500,000                    .Other: punitive and atty fees

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**                                        **COLLECTION CASES**

☐ 01 Breach of Contract            ☐ 07 Personal Property        ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty            ☐ 09 Real Property-Real Estate  ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument         ☐ 12 Specific Performance      ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees        ☐ 13 Employment Discrimination  ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure

**B. PROPERTY TORTS**

☐ 01 Automobile                    ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                    ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 09 Harassment                ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 10 Invasion of Privacy             Not Malpractice)
☒ 03 Assault and Battery           ☐ 11 Libel and Slander         ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 12 Malicious Interference    ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 13 Malicious Prosecution     ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 14 Malpractice Legal         ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                         ☐ 16 Negligence- (Not Automobile,   ☐ 23 Tobacco
                                        Not Malpractice)             ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (DC Code § 16-4401)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
  Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation
  Over $25,000 Consent Denied

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____
Attorney's Signature

10-24-2014
_____
Date

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

TO:  ANDREW McGUIRE, ESQ
(Name of Plaintiff's Attorney or Plaintiff (if not represented by an attorney))

REGAN ASSOCIATES Chartered
(Address of Plaintiff's Attorney or Plaintiff (if not represented by an attorney))

1003   K   St NW  # 300
WASHINGTON  DC  20001

I, _____, acknowledge that I received a copy of the Summons
(Name of Member)

and Complaint in the case of David Wood v. District of Columbia,
(Name of Lawsuit)

Civil Action No. 14 - 6758 . By signing this form acknowledging

receipt of the Summons and Complaint and returning it within fourteen (14) calendar

days to the Plaintiff's Attorney or to the Plaintiff (if not represented) listed on the

Summons, I am agreeing that service of process is complete and that I do not have to

be served in person with the Summons and Complaint.[1]

_____        _____
Signature of Member                   Date

[1] If this form is not returned within fourteen (14) calendar days to the Plaintiff's Attorney or to the Plaintiff
(if not represented by an attorney), then you are subject to being served in person with the Summons and
Complaint by a process server.

GO-PCA-701.04 (Service of Subpoenas and Civil Lawsuits Upon Members of the Department)
Acknowledge of Receipt of Summons and Complaint
Attachment A
Revised November 10, 2011

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

TO: _____

(Name of Plaintiff's Attorney or Plaintiff (if not represented by an attorney))

_____

(Address of Plaintiff's Attorney or Plaintiff (if not represented by an attorney))

_____

I, _____, acknowledge that I received a copy of the Summons

(Name of Member)

and Complaint in the case of _____ v. District of Columbia,

(Name of Lawsuit)

Civil Action No. _____.  By signing this form acknowledging

receipt of the Summons and Complaint and returning it within fourteen (14) calendar

days to the Plaintiff's Attorney or to the Plaintiff (if not represented) listed on the

Summons, I am agreeing that service of process is complete and that I do not have to

be served in person with the Summons and Complaint.[1]

_____        _____

Signature of Member                                    Date

_____

[1] If this form is not returned within fourteen (14) calendar days to the Plaintiff's Attorney or to the Plaintiff (if not represented by an attorney), then you are subject to being served in person with the Summons and Complaint by a process server.

Attachment A
GO 701.04
Effective June 6, 2011

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

TO: _____

(Name of Plaintiff's Attorney or Plaintiff (if not represented by an attorney))

_____

(Address of Plaintiff's Attorney or Plaintiff (if not represented by an attorney))

_____

I, _____, acknowledge that I received a copy of the Summons

(Name of Member)

and Complaint in the case of _____ v. District of Columbia,

(Name of Lawsuit)

Civil Action No. _____. By signing this form acknowledging

receipt of the Summons and Complaint and returning it within fourteen (14) calendar

days to the Plaintiff's Attorney or to the Plaintiff (if not represented) listed on the

Summons, I am agreeing that service of process is complete and that I do not have to

be served in person with the Summons and Complaint.[1]

_____          _____
Signature of Member                                  Date

---

[1] If this form is not returned within fourteen (14) calendar days to the Plaintiff's Attorney or to the Plaintiff (if not represented by an attorney), then you are subject to being served in person with the Summons and Complaint by a process server.