UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID WOOD, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 14-cv-2066 (EGS) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' CONSENT MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' MEMORANDUM REGARDING EXPERT WITNESSES**

Defendants District of Columbia, Charles Kiel, Charandip Sekhon, Andrew Smith, Michael Rodd and Jonathan Rosnick, through counsel and pursuant to Fed. R. Civ. P. 6(b)(1)(B) move the Court for leave to file their reply to Plaintiff's memorandum regarding expert witnesses. In support of heir motion Defendants rely upon the attached memorandum of points and authorities.

A copy of the reply brief is attached as an exhibit.


Dated: November 26, 2017          Respectfully submitted,

                                  KARL A. RACINE
                                  Attorney General for the District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General
                                  Civil Litigation Division

                                  /MICHAEL K. ADDO
                                  Chief, Civil Litigation Division, Section IV

                                  */s/Robert A. DeBerardinis, Jr.*
                                  ROBERT A. DEBERARDINIS, Jr. [335976]

Assistant Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 724-6642
(202) 741-8895 (FAX)
E-mail: robert.deberardinis@dc.gov

## RULE LCvR 7(m) CERTIFICATION

I hereby certify that on November 26, 2017, Plaintiff's counsel Gregory Lattimer indicated that he consented to the foregoing motion for leave to file a reply.

  /s/Robert A. DeBerardinis, Jr.
ROBERT A. DEBERARDINIS, Jr.
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **DAVID WOOD,** | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 14-cv-2066 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIS,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' CONSENT MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' MEMORANDUM REGARDING EXPERT WITNESSES**

Defendants District of Columbia, Charles Kiel, Charandip Sekhon, Andrew Smith, Michael Rodd and Jonathan Rosnick, through counsel submit the following memorandum of points and authorities in support of their motion for leave to file their reply to Plaintiff's memorandum regarding expert witnesses.

**Background**

Defendants' reply to Plaintiff's memorandum regarding expert witnesses was due on November 21, 2017. A draft of the reply was completed on November 17, 2017, by Assistant Attorney General Portia Roundtree, who provided it to Assistant Attorney General Robert DeBerardinis for completion and filing. AAG Roundtree commenced her holiday on November 20 with the understanding that AAG DeBerardinis would file the reply on November 21.

On November 21, AAG DeBerardinis finalized the reply and was prepared to file it. Before that could be accomplished, however, he was distracted by another matter that required his immediate attention. Unfortunately, the reply was inadvertently not filed before AAG DeBerardinis left the office the evening of November 21. That evening AAG DeBerardinis

commenced his Thanksgiving holiday and traveled out of town to visit family. It was not until Thanksgiving that AAG DeBerardinis realized that he had failed to file the reply. At that time, he was in New York and was not able to file this motion until Thanksgiving weekend. It should be noted that the failure to file the reply was the sole fault of AAG DeBerardinis who had agreed to file it on November 21, 2017.

## Argument

"When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). There are four factors for determining when a late filing may constitute "excusable neglect: (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *In re Vitamins Antitrust Class Action,* 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).

The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, "Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. Thus "excusable neglect" does not require counsel to have been faultless, and "inadvertence, mistake, or carelessness" can fall within the rule. *Id.* at 388,

Here, the motion is filed within five days of the due date of the reply and would have been filed sooner had counsel not been out of town for the Thanksgiving holiday. Moreover, the pretrial conference in this case is scheduled for February 15, 2018.  There is nothing remaining for Plaintiff to undertake in this case other than preparation for the pretrial and trial.   Thus, Plaintiff will not be prejudiced by the granting of this motion and indeed Plaintiff has consented to the motion.  The Court is not required to rule on the issue related to Plaintiff's experts until the pretrial in February and as a result the five-day delay in filing the reply will not impact on judicial proceedings.  Certainly, counsel has acted in good faith.

As to the reason for the delay, AAG DeBerardinis appreciates that his apparent absentmindedness should not stand in the way of fulfilling his obligations to the Court. Nonetheless, the purpose of the reply brief is to provide the Court with authority to assist it in ruling as to whether Plaintiff's physicians may testify at trial.  Under similar circumstances courts have allowed an opposition to be late filed.  *See Presidential Bank FSB v. 27th Street S.E., LLC*, ___F.Supp.3d ___, 2017 WL 423650, *4, n.8 (September 22, 2017 D.D.C) (Court permits opposition to motion to dismiss to be filed where delay was due to inadvertence of counsel).

Wherefore, Defendants request that they be granted leave to file the attached reply brief.

Dated: November 26, 2017		Respectfully submitted,

		KARL A. RACINE
		Attorney General for the District of Columbia

		GEORGE C. VALENTINE
		Deputy Attorney General
		Civil Litigation Division

		/MICHAEL K. ADDO
		Chief, Civil Litigation Division, Section IV

5

*/s/Robert A. DeBerardinis, Jr.*
ROBERT A. DEBERARDINIS, Jr. [335976]
Assistant Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 724-6642
(202) 741-8895 (FAX)
E-mail: robert.deberardinis@dc.gov